UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONDON DESHANN HARRIS,

    Petitioner,                  Case Number 2:18-CV-12168
                                       HONORABLE DENISE PAGE HOOD
v.                                   CHIEF NITED STATES DISTRICT JUDGE

WILLIS CHAPMAN,

    Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER AN EXTENSION OF TIME TO FILE HIS NOTICE OF APPEAL, DIRECTING THE CLERK OF THE COURT TO TRANSFER THE APPLICATION FOR A CERTIFICATE OF APPEALABILITY (Dkt. # 13) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT, AND DENYING AS MOOT THE APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS ON APPEAL (Dkt. # 15).**

On March 28, 2019, this Court issued an opinion and order denying petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This Court also denied petitioner a certificate of appealability, but granted petitioner leave to appeal *in forma pauperis*.

On June 4, 2019, petitioner filed a Notice of Appeal (Dkt. # 12), which is construed as a motion for an extension of time to file a Notice of Appeal. Petitioner subsequently filed an application for a certificate of appealability and an application to proceed without prepaying fees and costs on appeal.

1

For the reasons that follow, the motion for an extension of time to file a Notice of Appeal is GRANTED. The Clerk of the Court is ORDERED to transfer the application for a certificate of appealability to the United States Court of Appeals for the Sixth Circuit. The motion to proceed without prepaying fees and costs on appeal is DENIED as moot.

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F. 3d 773, 774 (6th Cir. 1998).

Fed.R.App.P. 4 (a)(5)(A) indicates that a district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) that party shows excusable neglect or good cause.

Petitioner is obviously not entitled to an extension of time to file an appeal based upon Fed.R.App.P. 4 (a)(5)(A), because he moved for an extension of time to file an appeal more than thirty days after the original period to file a notice of appeal had expired.

Fed. R. App. P. 4(a)(6) indicates that a district court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered, so long as the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*; and
> (C) the court finds that no party would be prejudiced.

Fed.R.App. P. 4(a)(6) (emphasis added); 28 U.S.C. § 2107.

Petitioner is not entitled to invoke 4(a)(6) to obtain an extension of time to file his appeal because he does not allege that he did not timely receive a copy of the Court's opinion and order denying the petition.

Petitioner, however, has another remedy with which to obtain an extension of time to file his notice of appeal.

A federal district court has jurisdiction to entertain a Rule 60(b) motion for relief from judgment when a notice of appeal is untimely filed. *Tanner v. Yukins*, 776 F.3d 434, 439 (6th Cir. 2015); *Lewis v. Alexander*, 987 F. 2d 392, 395 (6th Cir. 1993). This Court is willing to construe petitioner's motion as a Rule 60(b) motion. "Even if Rule 4(a)(6) represents a mandatory and jurisdictional balancing of the interests of fairness and finality in cases in which there has been a notice

3

problem, nothing in the drafting history of Rule 4 suggests that the drafters intended Rule 4(a)(6) to be the sole means of accommodating all equitable considerations that arise due to the Appellate Rules' strict filing deadlines." *Tanner v. Yukins*, 776 F.3d at 440-41.

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
> (6) any other reason justifying relief from the operation of the judgment.

*Lewis,* 987 F. 2d at 395.

Petitioner in his Notice of Appeal claims that he is a high school dropout without any legal knowledge and experience who had to rely on a person from the Michigan Department of Corrections' Legal Writers Program, who misinformed petitioner that he had six months from the date of the opinion denying habeas relief to file his Notice of Appeal. This Court believes that the equities in this case support granting petitioner an extension of time under Rule 60(b)(6) to file his notice of appeal. Rule 60(b)(6) contemplates "unusual and extreme situations

4

where principles of equity mandate relief." *Tanner*, 776 F.3d at 443 (internal quotation omitted). Petitioner is granted an extension of time to file an appeal. The Court's judgment of March 28, 2019 is vacated and the opinion and order denying the petition for writ of habeas corpus and judgment entered on that date is reinstated *nunc pro tunc* as of the date of this order.

Petitioner has also moved for a certificate of appealability. This Court denied petitioner a certificate of appealability in the opinion and order denying the petition for writ of habeas corpus. This Court notes that the proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for writ of habeas corpus or the motion to vacate sentence. *See Sims v. U.S.*, 244 F. 3d 509 (6th Cir. 2001)(citing Fed. R.App. P. 22(b)(1)). In light of the fact that this Court has already denied petitioner a certificate of appealability, petitioner should direct his request for a certificate of appealability to the Sixth Circuit. The Court, in the interests of justice, will order that petitioner's motion for a certificate of appealability (Dkt. # 13) to be transferred to the United States Court of Appeals for the Sixth Circuit.

Petitioner also filed an application to proceed without prepaying fees and costs on appeal. This Court already granted petitioner leave to appeal *in forma pauperis,* it is thus unnecessary for petitioner to again obtain permission to proceed

*in forma pauperis* on appeal. Petitioner's current motion to proceed *in forma pauperis* on appeal (Dkt. # 15) will therefore be denied as moot. *See McMillan v. McKune,* 16 F. App'x. 896, 897 (10th Cir. 2001).

**IT IS HEREBY ORDERED THAT:**

(1): The motion for an extension of time to file an appeal (Dkt. # 12) is GRANTED. Petitioner is granted an extension of time to file an appeal. The Court's judgment of March 28, 2019 is vacated and the opinion and order denying the petition for writ of habeas corpus and judgment entered on that date is reinstated *nunc pro tunc* as of the date of this order.

(2): The Clerk of the Court shall transfer the motion for a certificate of appealability (Dkt. # 13) to the United States Court of Appeals for the Sixth Circuit.

(3): The motion to proceed without prepaying fees and costs on appeal (Dkt. # 15) is DENIED AS MOOT.

s/Denise Page Hood
HON. DENISE PAGE HOOD
CHIEF UNITED STATES DISTRICT JUDGE

Dated: July 18, 2019